

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 7, 1962

Mr. Fred E. West
County Attorney
Lubbock County
Lubbock, Texas

Dear Mr. West:

Opinion No. WW-1350

Re: Whether the property described
and owned by the City of Lub-
bock is exempt from ad valorem
taxation under the stated facts.

You have requested our opinion on the following question:

". . . Is municipal property owned
by the City of Lubbock exempt from taxa-
tion under the laws of the State of Texas
under the facts as above stated?"

You gave us the statement of facts as follows:

"Certain property owned by the
City of Lubbock is platted by the
City of Lubbock in installments and
is known as Manhattan Heights Addi-
tion to the City of Lubbock, Lubbock
County, Texas. Title to said platted
property is held by the City of Lub-
bock pending sale by the Southeast
Lubbock Development Corporation to
a purchaser, and the receipt by the
City of Lubbock of the consideration
paid by the purchaser for the lot
in Manhattan Heights Addition which
is involved in the sales transaction."

Later you submitted additional facts as follows:

"The City acquired this property
from Sid Caraway and Tol Caraway by
warranty deed for valuable considera-
tion, said deed being dated August 14,
1925, . . .; and a portion of the pro-
perty was acquired from W. B. Price
and wife, Viola Justus Price, by warranty
deed dated March 10, 1953,. . .

". . .

"The City acquired the Caraway
property for the purpose of using
it as a dump ground in the interest
of public health and sanitation.  The
City acquired the Price property to
be platted and developed for:  'The
establishment of a housing develop-
ment on a non-profit basis for the
alleviation of dangerous health condi-
tions and over-crowdedness in slum
areas in the City of Lubbock.  No pro-
fit shall ever be realized by any per-
son from the operation of this stated
business, all in accordance with Sub-
division 2, Article 1302, Revised
Civil Statutes'; said purpose being
taken and quoted from the Charter of
Southeast Lubbock Development Corpora-
tion.  As stated before in the Origi-
nal 'STATEMENT OF FACTS' title to said
platted property is held by the City
of Lubbock pending sale by the South-
east Lubbock Development Corporation
to a purchaser, and the receipt by
the City of Lubbock of the considera-
tion paid by the purchaser for the lot
in Manhattan Heights Addition which
is involved in the sales transaction.

"  . . .

"From time of acquisition until 1953
the City used the property purchased
from the Caraways as a dump ground in
the interest of public health and sani-
tation and in 1953 the decision was
made by the City to devote the property
purchased from the Caraways and the pro-
perty just purchased from the Prices to
the uses and purposes above-quoted from
the Charter of Southeast Lubbock Develop-
ment Corporation."

This office has held in numerous opinions that property
owned by a municipal corporation and held or used for public
purposes is exempt from taxation.

The following is quoted from Opinion No. WW-281 rendered
by this office under date of October 17, 1957:

"Sec. 2, Art. VIII, of the Texas
Constitution provides in part:

"'but the legislature may, by general
laws, exempt from taxation public property
used for public purposes.'

"Sec. 9, Art. XI, of the Constitution
of Texas, provides in part:

"'The property of counties, cities
and towns, owned and held only for pub-
lic purposes, such as public buildings
and the sites therefor, fire engines
and the furniture thereof, and all pro-
perty used, or intended for extinguish-
ing fires, public grounds and all other
property devoted exclusively to the use
and benefit of the public shall be
exempt from forced sale and from taxa-
tion, ***.'

"Article 7150, V.C.S. provides that
the following property is exempt from
taxation:

"'. . .

"'Sec. 4.  All property, whether real
or personal, belonging exclusively to
this State, or any political subdivision
thereof,***.'

"You will note that Sec. 4, of Article
7150, supra, purports to exempt all pro-
perty, whether real or personal, belonging
exclusively to this State, or any politi-
cal subdivision thereof and does not contain
the restriction that such property to be
exempt must be used for public purposes.
Counties and cities are political subdivi-
sions of the State.  However, Sec. 2 of
Art. VIII, supra, of the Constitution
only gives the Legislature the authority
to exempt such property when used for pub-
lic purposes.  Therefore Sec. 4 is inopera-
tive insofar as it purports to exempt pub-
lic property regardless of its use in vio-
lation of said Sec. 2, Art. VIII of the

Constitution, but is valid insofar as it
exempts public property used for public
purposes.  City of Abilene v. State, 113
S.W.2d 631."

Under the facts stated in your request, it appears that
this property has been devoted to public use from the time it
was acquired by the City of Lubbock; and, therefore, in con-
formity with opinions heretofore rendered by this office and
the courts of this State, we are of the opinion that this pro-
perty is being used for a public purpose and is exempt from
taxation.

### S U M M A R Y

Property acquired by a city initially as
a dump ground and later devoted to a housing pro-
ject for public improvements, and other property
acquired for purpose of a housing project to elim-
inate slums and for public health purposes is
being used for a public purpose and therefore
exempt from ad valorem taxes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. H. Broadhurst
Assistant

JHB:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Henry Braswell
Jerry Roberts
Grundy Williams
J. C. Davis

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.